JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Angela Lynne Martin, Individually and as Administratrix of the Estate of Howard Edward Martin, Jr.

**(b)** County of Residence of First Listed Plaintiff    Los Angeles County
     *(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael C. Ksiazek, Esquire
Stark & Stark, P.C., 777 Township Line Rd., Ste. 120
Yardley, PA 19067; 267-907-9600

## DEFENDANTS

Norfolk, Southern Corporation d/b/a Norfolk Southern Railway Company, et al.

County of Residence of First Listed Defendant    Philadelphia
     *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
None

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)

Brief description of cause:
Motor Vehicle vs. Train

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $       CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE      DOCKET NUMBER

DATE   10-19-15      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA LYNNE MARTIN, Individually and as Administratrix of the ESTATE OF HOWARD EDWARD MARTIN, JR. 923 East Wingate Street Covina, CA  91724 | CIVIL ACTION |
| vs. | |
| NORFOLK SOUTHERN CORPORATION d/b/a NORFOLK SOUTHERN RAILWAY COMPANY c/o CT Corporation Two Commerce Square 2001 Market Street 5th Floor Philadelphia, PA  19103 and TODD MICHAEL BUBNIS 207 Maple Street Mifflinburg, PA  17844 and JAMES ERNEST MOFFET 1139 Laurel Run Road Beech Creek, PA  16822 and CLINTON TOWNSHIP 2106 Route 54 Montgomery, PA  17752 and LYCOMING COUNTY 48 West Third Street Williamsport, PA  17701 | |

## COMPLAINT AND JURY DEMAND

NOW COMES, plaintiff, Angela Lynne Martin, individually and as

Administratrix of the Estate of Howard Edward Martin, Jr., decedent, and in her complaint

against defendants states as follows:

## PARTIES AND JURISDICTION

1.  Plaintiff is an adult individual and resident of the State of California who

resides therein at 923 East Wingate Street, Covina, California 91724.

2.  Plaintiff is the surviving spouse and next of kin of Howard Edward

Martin, Jr., who died on August 15, 2014, as a result of a motor vehicle accident which occurred

in Clinton Township, Lycoming County, Pennsylvania.

3.  Defendant Norfolk Southern Corporation d/b/a Norfolk Southern Railway

Company (hereinafter, Defendant Norfolk Southern Railway) is a corporation with a principal

place of business in Virginia and a registered office address in Pennsylvania in care of CT

Corporation, Two Commerce Square, 2001 Market Street, 5th floor, Philadelphia, Pennsylvania

19103.

4.  Defendant Todd Michael Bubnis is an individual and resident of

Pennsylvania who resides at 207 Maple Street, Mifflinburg, Pennsylvania 17844.  At all times

relevant, defendant Michael Bubnis (hereinafter, defendant Bubnis) was a train engineer and

employee and/or agent of Norfolk Southern Railway and was the engineer for a Norfolk

Southern Black SD60-1 model train, Engine #6718,  which was involved in the accident which is

the subject matter of this Complaint.

5.  Defendant James Ernest Moffet is an individual and resident of

Pennsylvania who resides at 1139 Laurel Run Road, Beech Creek, Pennsylvania 16822.  At all

times relevant, defendant James Ernest Moffet (hereinafter, defendant Moffet) was a conductor

and employee and/or agent of Norfolk Southern Railway and was the conductor for a Norfolk

Southern Black SD60-1 model train, Engine #6718, which was involved in the accident which is the subject matter of this Complaint.

      6.    Defendant Clinton Township is a municipality in Lycoming County, Commonwealth of Pennsylvania with a principal office address at 2106 Route 54, Montgomery, Pennsylvania 17752.

      7.    Defendant Lycoming County is a municipality in the Commonwealth of Pennsylvania with a principal office address at 48 West Third Street, Williamsport, Pennsylvania 17701.

      8.    This Court has diversity jurisdiction over this case pursuant 28 U.S.C. § 1332, as the parties are citizens of different states and the matter in controversy exceeds $75,000.00.

      9.    Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to this case occurred in the Middle District of Pennsylvania.  Additionally, Defendant Norfolk Southern Railway conducts significant business in the Middle District of Pennsylvania.

## AGENCY ALLEGATIONS

      10.    At all times material to plaintiff's cause of action, defendant Norfolk Southern Railway was the owner, possessor, maintainer and/or in control of a certain SD-60 model train, Engine # 6718, then and there being operated by said defendant on the "Buffalo Line" which travels through Clinton Township, Lycoming County, Pennsylvania, and specifically on the date in question, travelled through US DOT #526744M, which is the railroad grade crossing with Brick Church Road, Clinton Township, Lycoming County, Pennsylvania.

11.    On or before August 15, 2014, and at all times material to plaintiff's cause of action, Defendant Norfolk Southern Railway owned, operated, inspected and maintained the US DOT #526744M railroad grade crossing and certain warning signs present at or near the aforementioned crossing.

12.    At all times material to plaintiff's cause of action, defendants Bubnis and Moffet were the agents, servants, workmen and/or employees of defendant Norfolk Southern Railway, and then and there acting within the course and scope of their authority and employment for and on behalf of said defendant. As such, defendant Norfolk Southern Railway is vicariously liable for the tortious acts and/or omissions of defendants Bubnis and Moffet.

13.    At all times material to plaintiff's cause of action, defendant Moffet was the agent, servant, workman and /or employee of defendant Norfolk Southern Railway, and then and there acting within the course and scope of his authority and employment for and on behalf of said defendant. As such, defendant Norfolk Southern Railway is vicariously liable for the tortious acts and/or omissions of defendant Moffet.

14.    At all times material to plaintiff's cause of action, defendant Clinton Township was the owner, possessor, maintainer, inspector, in control of, and responsible for safety on Brick Church Road at the railroad grade crossing US DOT 3526744M.

15.    At all times material to plaintiff's cause of action, defendant Lycoming County was the owner, possessor, maintainer, inspector, in control of, and responsible for safety on Brick Church Road at the railroad grade crossing US DOT 3526744M.

16.    At all times material to plaintiff's cause of action, defendant PennDOT was responsible for providing notice to municipalities with regard to installing advance warning

signs for all at grade railroad crossings on local roads in the Commonwealth of Pennsylvania, and for insuring that the aforesaid municipalities were compliant with the PennDOT notices.

17.     All of the acts alleged to have been done or not to have been done by defendants herein were done or not done by the defendants, their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said defendants.

## GENERAL FACTUAL ALLEGATIONS

18.     At the time of the subject accident, which occurred on August 15, 2014, at approximately 12:15 p.m., plaintiff's decedent, Howard Martin, Jr., was the driver of a vehicle proceeding southbound on Brick Church Road, Clinton Township, Lycoming County.

19.     The Buffalo Line of Norfolk Southern Railway, running east- west, intersects Brick Church Road, at a railroad grade crossing identified as US DOT #526744M.

20.     As plaintiff's decedent's vehicle began to cross railroad grade crossing US DOT #526744M, suddenly and without warning, a Norfolk Southern coal train, traveling westbound, which consisted of 3 engines, and 105 coal cars, and which weighed approximately 14, 465 tons, impacted plaintiff's decedent's vehicle on the front driver's side, at a speed of approximately 50 m.p.h.

21.     There are no warning lights, audible signals, or gates at railroad grade crossing US DOT #526744M which would warn vehicles of the danger of an approaching train, or prevent vehicles from entering the aforementioned crossing when a train is approaching.

22.    Upon impact, plaintiff's decedent's vehicle overturned three times and came to a position of final rest on its roof, facing southeast, approximately 83 feet northwest from the point of initial impact at the crossing.

23.    Plaintiff's decedent was removed from his vehicle, a pick-up truck, by bystanders who cut the seatbelt and extricated plaintiff's decedent, and a front-seat passenger, through the passenger's side door.

24.    A Susquehanna Regional EMS ambulance and Life Alert helicopter transport arrived on the scene to find plaintiff's decedent extricated from the vehicle with loss of consciousness prior to arrival.  Upon EMS arrival, plaintiff's decedent was initially alert with a Glasgow Coma Score of 14.  He complained of chest pain and difficulty breathing.

25.    Per the EMS personnel at the scene, plaintiff's decedent was initially anxious and alert, with a laceration to occipital skull, singed hair and nares; singed facial hair; black soot on his face; chest asymmetrical with right side more sunken than left; crepitus to right and left upper chest wall; diffuse chest wall tenderness; gurgling noted from left side of chest; respirations labored and tachypneic; decreased capillary refill time and peripheral pulses weak, regular and thready; partial thickness burns to left upper extremity; laceration to left upper extremity; right lower extremity movement weak; left lower extremity movement absent with angulation of a tibia-fibula open fracture with hemorrhage, no distal pulses palpable.

26.    EMS personnel inserted an intra-osseous line, dressed the left lower extremity wound, and intubated plaintiff's decedent due to impending respiratory arrest.

27.    As the emergency personnel were loading plaintiff's decedent into a Life Flight helicopter for a flight to Geisinger Medical Center, (GMC),  Danville, PA, plaintiff's

decedent became bradycardic and went into cardiac arrest. CPR returned spontaneous circulation and plaintiff's decedent was then transported by ambulance to Muncy Valley Hospital, Muncy, PA, with arrival at 1:14 p.m.

28.     At approximately 1:30 p.m., plaintiff's decedent was transported by Life Flight helicopter from Muncy Valley Hospital to GMC. Plaintiff's decedent was intubated, with three  IV sites and three bags of IV fluid running.

29.     Plaintiff's decedent again suffered a cardiac arrest with pulseless electrical activity as the Life Flight helicopter landed at GMC, and CPR was again initiated.

30.     On arrival at the trauma bay of GMC, plaintiff's decedent had fixed and dilated pupils, with no evidence of coordinated cardiac activity on ultrasound of the heart. Bilateral tube thoracotomies were performed. Ventricular fibrillation was noted on the cardiac monitor and plaintiff's decedent was shocked without success. Death was declared at 1:54 p.m. Cause of death is noted on the Death Certificate issued by the Coroner of Montour County as Multiple Blunt Force Trauma due to Motor Vehicle Collision.

31.     A toxicology report issued by the Commonwealth of Pennsylvania, Department of Health, Bureau of Laboratories found no detectable ethanol and no drugs of abuse detected on the blood sample drawn from plaintiff's decedent's body.

## COUNT I

### PLAINTIFF ANGELA LYNNE MARTIN vs. DEFENDANT NORFOLK SOUTHERN CORPORATION d/b/a NORFOLK SOUTHERN RAILWAY COMPANY

### NEGLIGENCE

32.     Paragraphs 1 through 31 are incorporated herein by reference as though full set forth.

Case 3:02-av-00000-UNB   Document 1149   Filed 10/19/15   Page 9 of 25

33.     On or before August 15, 2014, and at all times material to plaintiff's cause of action, defendant Norfolk Southern Railway had responsibility for safety at the railroad grade crossing US DOT #526744M.

34.     On and before August 15, 2014, defendant Norfolk Southern Railway, through its inspectors, track inspectors engineers, maintenance personnel, operational personnel, train crews, agents and/or employees  knew, or in the exercise of reasonable care should have known, that extra-hazardous conditions existed at the US DOT #526744M railroad grade crossing.

35.     On and before August 15, 2014, defendant Norfolk Southern Railway had a duty to act with reasonable care in the ownership, inspection, maintenance and operation of the US DOT #527744M railroad grade crossing for motorists on the roadway approaching and crossing the railroad crossing, including but not limited to plaintiff's decedent.

36.     On and before August 15, 2014, defendant Norfolk Southern Railway through its officers, directors, engineers, employees and agents knew that it had a duty to evaluate and maintain safety at its crossings, including US DOT#526744M, independent of publicly funded programs through municipal, state or federal governmental agencies.

37.     The negligence of defendant Norfolk Southern Railway consisted of the following:

a)     owning, maintaining and permitting trains to operate over US DOT #526744M when it was extra hazardous;

b)     failing to equip US DOT #526744M railroad grade crossing with automatic crossing gates or automatic flashing lights to actively warn a motorist

of an approaching train and the requirement to stop (Uniform Vehicle Code Section
11-701);

       c)     failing to provide a flagman at the aforementioned railroad
grade crossing to warn motorists of the approach of a train at the crossing and the
requirement to stop (Uniform Vehicle Code Section 11-701);

       d)     failing to equip the aforementioned railroad grade crossing
with a YIELD or STOP sign to warn motorists traveling on Brick Church Road of
the presence of a railroad grade crossing and the requirement to look for approaching
trains (Uniform Vehicle Code Section 11-701;  MUTCD (Manual on Uniform Traffic
Control Devices) Section 8B.04).

       e)     failing to equip the aforementioned railroad grade crossing
with an advance warning sign or pavement markings for motorists traveling on
Brick Church Road to further warn motorists of the presence of a railroad grade
crossing ahead (MUTCD Sections 8B.04, 8B.06);

       f)     failing to provide adequate and proper audible notice of the
presence of a train at US DOT #526744M railroad grade crossing (49 CFR Section
222.21; NS (Norfolk Southern) Operating Rules Book, Section 14);

       g)     creating and maintaining a dangerous and unsafe railroad
grade crossing for motorists on Brick Church Road by having a non-standard
approach grade which was too steep (AREMA (American Railway Engineering
and Maintenance of Way Association) Section 8.2.1.5 Roadway Approach Grades);

       h)     failing to provide and ensure sufficient Track Sight Distance

for a southbound motorist on Brick Church Road to view the presence of a track

ahead due to lack of advance warning sign and non-standard approach grade at the

aforementioned railroad grade crossing (Rail-Highway Grade Crossing Handbook,

U.S. Dept. of Transportation; Federal Highway Administration, MUTCD Section 2C.05);

        i)      failing to provide and ensure a sufficient Approach Sight

Triangle for southbound motorists on Brick Church Road to plainly view an

approaching westbound train due to obstructions of vegetation and fixed objects

located on and off the railroad right of way (Rail-Highway Grade Crossing

Handbook, Table 32; U.S. Dept. of Transportation, Federal Highway Administration);

        j)      failing to timely perform an engineering study, sight line

study or survey of the vegetation and fixed objects creating sight obstructions,

performed at and around the aforementioned railroad grade crossing which would

have revealed that the crossing was unsafe and should have had active traffic control

devices (23 CFR 646.214) and grade improvements, or be recommended for crossing

closure.

     38.    As a direct and proximate result of the conduct set forth above:

        a)      plaintiff's decedent experienced pain and suffering;

        b)      plaintiff's decedent died;

        c)      plaintiff's decedent's family and heirs experienced financial

loss, payment of medical bills, as well as funeral expenses and bills;

        d)      plaintiff's decedent's family and heirs lost the ability to

maintain and sustain a family relationship;

e)  plaintiff's decedent's family and heirs lost the right to future maintenance and support;

f)  plaintiff's decedent's family and heirs and plaintiff's decedent lost other valuables and sustained such other damages as are appropriately allowed by Pennsylvania law.

**WHEREFORE**, plaintiff Angela Lynne Martin, Individually and as the Administratrix of the Estate of Howard Edward Martin, Jr., claims damages from Defendant Norfolk Southern Corporation d/b/a Norfolk Southern Railway Company, jointly and severally in an amount in excess of $75,000.00 plus interest and costs of prosecution.

## COUNT II

### PLAINTIFF ANGELA LYNNE MARTIN vs. DEFENDANT TODD MICHAEL BUBNIS

### NEGLIGENCE

40.  Paragraphs 1 through 39 are incorporated herein by reference as though full set forth.

41.  The negligence of defendant Bubnis consisted of the following:

a)  failing to operate the subject train in a reasonably safe manner;

b)  failing to adequately warn motorists, including plaintiff's decent, of the approach of the subject train;

c)  operating a train without keeping a proper and sufficient lookout;

d)  proceeding at a speed which was greater than reasonable and proper under the circumstances;

e)  failing to decrease speed so as to avoid colliding with another vehicle;

f)      failing to warn vehicles that the train was approaching;

g)      failing to sound its whistle a sufficient time prior to the train's arrival at the subject railroad grade crossing;

h)      failing to place the train in "emergency" within a reasonable time period;

i)      operating the subject train over the US DOT #526744M railroad grade crossing at a time when there were inadequate warning devices in place;

j)      operating the subject train over the US DOT #526744M railroad grade crossing when they each knew, or should have known, that vegetation and fixed objects were present in the line of sight of an oncoming motorist in one or more quadrants of the crossing.

42.     As a direct and proximate result of the conduct set forth above:

a)      plaintiff's decedent experienced pain and suffering;

b)      plaintiff's decedent died;

c)      plaintiff's decedent's family and heirs experienced financial loss, payment of medical bills, as well as funeral expenses and bills;

d)      plaintiff's decedent's family and heirs lost the ability to maintain and sustain a family relationship;

e)      plaintiff's decedent's family and heirs lost the right to future maintenance and support;

f) plaintiff's decedent's family and heirs and plaintiff's decedent

lost other valuables and sustained such other damages as are appropriately allowed

by Pennsylvania law.

**WHEREFORE**, plaintiff Angela Lynne Martin, Individually and as the

Administratrix of the Estate of Howard Edward Martin, Jr., claims damages from Defendant

Todd Michael Bubnis and Defendant Norfolk Southern Corporation d/b/a Norfolk Southern

Railway Company, jointly and severally in an amount in excess of $75,000.00 plus interest and

costs of prosecution.

## COUNT III

### PLAINTIFF ANGELA LYNNE MARTIN vs. DEFENDANT JAMES ERNEST MOFFET

### NEGLIGENCE

43. Paragraphs 1 through 39 are incorporated herein by reference as though

full set forth.

44. The negligence of defendant Moffet consisted of the following:

a) failing to operate the subject train in a reasonably safe manner;

b) failing to adequately warn motorists, including plaintiff's

decedent, of the approach of the subject train;

c) operating a train without keeping a proper and sufficient lookout;

d) proceeding at a speed which was greater than reasonable and

proper under the circumstances;

e) failing to decrease speed so as to avoid colliding with another

vehicle;

f)      failing to warn vehicles that the train was approaching;

g)      failing to sound its whistle a sufficient time prior to the train's arrival at the subject railroad grade crossing;

h)      failing to place the train in "emergency" within a reasonable time period;

i)      operating the subject train over the US DOT #526744M railroad grade crossing at a time when there were inadequate warning devices in place;

j)      operating the subject train over the US DOT #526744M railroad grade crossing when they each knew, or should have known, that vegetation and fixed objects were present in the line of sight of an oncoming motorist in one or more quadrants of the crossing.

45.     As a direct and proximate result of the conduct set forth above:

a)      plaintiff's decedent experienced pain and suffering;

b)      plaintiff's decedent died;

c)      plaintiff's decedent's family and heirs experienced financial loss, payment of medical bills, as well as funeral expenses and bills;

d)      plaintiff's decedent's family and heirs lost the ability to maintain and sustain a family relationship;

e)      plaintiff's decedent's family and heirs lost the right to future maintenance and support;

f)      plaintiff's decedent's family and heirs and plaintiff's decedent lost other valuables and sustained such other damages as are appropriately allowed by Pennsylvania law.

**WHEREFORE**, plaintiff Angela Lynne Martin, Individually and as the Administratrix of the Estate of Howard Edward Martin, Jr., claims damages from Defendant James Earnest Moffet and Defendant Norfolk Southern Corporation d/b/a Norfolk Southern Railway Company, jointly and severally in an amount in excess of $75,000.00 plus interest and costs of prosecution.

## COUNT IV

### PLAINTIFF ANGELA LYNNE MARTIN vs. DEFENDANT CLINTON TOWNSHIP

### NEGLIGENCE

46.     Paragraphs 1 through 45 are incorporated herein by reference as though full set forth.

47.     On and before August 14, 2014, and at all times material to plaintiff's cause of action, defendant Clinton Township had responsibility for safety on Brick Church Road at the railroad grade crossing US DOT #526744M.

48.     On and before August 15, 2014, and at all times material to plaintiff's cause of action, defendant Clinton Township owned, operated, inspected, and maintained Brick Church Road approaching US DOT #526744M railroad grade crossing and certain warning signs present at or near the aforementioned crossing.

49.     On and before August 15, 2014, defendant Clinton Township through its inspectors, engineers, maintenance personnel, operational personnel, road crews, agents and/or employees knew, or in the exercise of reasonable care should have known, that extra hazardous conditions existed on Brick Church Road at the aforementioned railroad grade crossing.

50.     On and before August 14, 2014, defendant Clinton Township through its officers, directors, managers, engineers, agents, and/or employees knew that it had a duty to evaluate and maintain safety on its roadways, including Brick Church Road, and this roadway approach to and across the aforementioned railroad grade crossing.

51.     On and before August 15, 2014, defendant Clinton Township had a duty to act with reasonable care with regard to the ownership, inspection, maintenance and operation of Brick Church Road, and this roadway approach to and across the aforementioned railroad grade crossing, for motorists, including plaintiff's decedent.

52.     The negligence of defendant Clinton Township consisted of the following:

a)      failing to equip the aforementioned railroad grade crossing with automatic crossing gates or automatic flashing lights to actively warn a motorist of an approaching train and the requirement to stop (Uniform Vehicle Code Section 11-701);

b)      failing to provide a flagman at the aforementioned railroad grade crossing to actively warn motorists of the approach of a train at the crossing and the requirement to stop (Uniform Vehicle Code Section 11-701);

c)      failing to place a YIELD or STOP sign to warn motorists traveling on Brick Church Road of the presence of a railroad grade crossing and the requirement to look for approaching trains (Uniform Vehicle Code Section 11-701; MUTCD Section 8B.04);

d)      failing to equip Brick Church Road with an advance warning sign or pavement markings for motorists traveling on Brick Church Road to further

warn motorists of the presence of a railroad grade crossing ahead (MUTCD Section 8B.04, 8B.06);

      e)      creating and maintaining a dangerous and unsafe railroad grade crossing for motorists on Brick Church Road by having a non-standard approach grade which was too steep (AREMA Section 8.2.1.5 Roadway Approach Grades);

      f)      failing to provide and insure sufficient Track Sight Distance for a southbound motorist on Brick Church Road to view the presence of a track ahead due to lack of advance warning sign and non-standard approach grade at the aforementioned railroad grade crossing (Rail-Highway Grade Crossing Handbook, U.S. Dept. of Transportation; Federal Highway Administration; MUTCD Section 2C.05);

      g)      failing to provide and insure a sufficient Approach Sight Triangle for a southbound motorist on Brick Church Road to plainly view an approaching westbound train due to obstructions of vegetation and fixed objects located on and off the railroad right of way (Rail-Highway Grade Crossing Handbook, Table 32; U.S. Dept. of Transportation, Federal Highway Administration);

      h)      failing to timely perform an engineering study, sight line study or survey of the vegetation and fixed objects creating sight obstructions, performed at and around the aforementioned railroad grade crossing which would have revealed that the crossing was unsafe and should have had active traffic control devices (23 CFR 646.214) and grade improvements, or be recommended for crossing closure.

     53.     As a direct and proximate result of the conduct set forth above:

      a)      plaintiff's decedent experienced pain and suffering;

b)      plaintiff's decedent died;

c)      plaintiff's decedent's family and heirs experienced financial loss, payment of medical bills, as well as funeral expenses and bills;

d)      plaintiff's decedent's family and heirs lost the ability to maintain and sustain a family relationship;

e)      plaintiff's decedent's family and heirs lost the right to future maintenance and support;

f)      plaintiff's decedent's family and heirs and plaintiff's decedent lost such other valuables and sustained such other damages as are appropriately allowed by Pennsylvania law.

**WHEREFORE**, plaintiff Angela Lynne Martin, Individually and as the Administratrix of the Estate of Howard Edward Martin, Jr., claims damages from defendant Clinton Township, jointly and severally in an amount in excess of $75,000.00 plus interest and costs of prosecution.

## COUNT V

### PLAINTIFF ANGELA LYNNE MARTIN vs.
### DEFENDANT LYCOMING COUNTY

### NEGLIGENCE

54.      Paragraphs 1 through 53 are incorporated herein by reference as though full set forth.

55.      On and before August 14, 2014, and at all times material to plaintiff's cause of action, Lycoming County had responsibility for safety on Brick Church Road at the railroad grade crossing US DOT #526744M.

56.     On and before August 15, 2014, and at all times material to plaintiff's cause of action, defendant Lycoming County owned, operated, inspected, and maintained Brick Church Road approaching US DOT #526744M railroad grade crossing and certain warning signs present at or near the aforementioned crossing.

57.     On and before August 15, 2014, defendant Lycoming County through its inspectors, engineers, maintenance personnel, operational personnel, road crews, agents and/or employees knew, or in the exercise of reasonable care should have known, that extra hazardous conditions existed on Brick Church Road at the aforementioned railroad grade crossing.

58.     On and before August 14, 2014, defendant Lycoming County through its officers, directors, managers, engineers, agents, and/or employees knew that it had a duty to evaluate and maintain safety on its roadways, including Brick Church Road, and this roadway approach to and across the aforementioned railroad grade crossing.

59.     On and before August 15, 2014, defendant Lycoming County had a duty to act with reasonable care with regard to the ownership, inspection, maintenance and operation of Brick Church Road, and this roadway approach to and across the aforementioned railroad grade crossing, for motorists, including plaintiff's decedent.

60.     The negligence of defendant Lycoming County consisted of the following:

a)     failing to equip the aforementioned railroad grade crossing with automatic crossing gates or automatic flashing lights to actively warn a motorist of an approaching train and the requirement to stop (Uniform Vehicle Code Section 11-701);

b)     failing to provide a flagman at the aforementioned railroad

grade crossing to actively warn motorists of the approach of a train at the crossing

and the requirement to stop (Uniform Vehicle Code Section 11-701);

        c)     failing to place a YIELD or STOP sign to warn motorists

traveling on Brick Church Road of the presence of a railroad grade crossing and the

requirement to look for approaching trains (Uniform Vehicle Code Section 11-701;

MUTCD Section 8B.04);

        d)     failing to equip Brick Church Road with an advance warning

sign or pavement markings for motorists traveling on Brick Church Road to further

warn motorists of the presence of a railroad grade crossing ahead (MUTCD

Section 8B.04, 8B.06);

        e)     creating and maintaining a dangerous and unsafe railroad

grade crossing for motorists on Brick Church Road by  having a non-standard approach

grade which was too steep (AREMA Section 8.2.1.5 Roadway Approach Grades);

        f)     failing to provide and insure sufficient Track Sight Distance for

a southbound motorist on Brick Church Road to view the presence of a track ahead due

to lack of advance warning sign and non-standard approach grade at the aforementioned

railroad grade crossing (Rail-Highway Grade Crossing Handbook, U.S. Dept. of

Transportation, Federal Highway Administration; MUTCD Section 2C.05);

        g)     failing to provide and insure a sufficient Approach Sight

Triangle for a southbound motorist on Brick Church Road to plainly view an

approaching westbound train due to obstructions of vegetation and fixed objects

located on and off the railroad right of way (Rail-Highway Grade Crossing Handbook,

Table 32, U.S. Dept. of Transportation, Federal Highway Administration);

      h)    failing to timely perform an engineering study, sight line study

or survey of the vegetation and fixed objects creating sight obstructions, performed at

and around the aforementioned railroad grade crossing which would have revealed

that the crossing was unsafe and should have had active traffic control devices

(23 CFR 646.214) and grade improvements, or be recommended for crossing closure.

     61.    As a direct and proximate result of the conduct set forth above:

      a)    plaintiff's decedent experienced pain and suffering;

      b)    plaintiff's decedent died;

      c)    plaintiff's decedent's family and heirs experienced financial

loss, payment of medical bills, as well as funeral expenses and bills;

      d)    plaintiff's decedent's family and heirs lost the ability to

maintain and sustain a family relationship;

      e)    plaintiff's decedent's family and heirs lost the right to future

maintenance and support;

      f)    plaintiff's decedent's family and heirs and plaintiff's decedent

lost such other valuables and sustained such other damages as are appropriately

allowed by Pennsylvania law.

    **WHEREFORE**, plaintiff Angela Lynne Martin, Individually and as the

Administratrix of the Estate of Howard Edward Martin, Jr., claims damages from defendant

Lycoming County, jointly and severally in an amount in excess of $75,000.00 plus interest and costs of prosecution.

## COUNT VI

### PLAINTIFF ANGELA LYNNE MARTIN vs. ALL DEFENDANTS

### WRONGFUL DEATH

62.     Paragraphs 1 through 61 are incorporated herein by reference as though full set forth.

63.     Due to the conduct or failure to act on the part of the defendants as aforesaid, plaintiff's decedent, Howard Edward Martin, Jr. has left surviving the following individuals to recover for his death:  Wife: Angela Lynne Martin; Children: Cody Austin Martin.

64.     Plaintiff, Adminstratrix of the Estate of Howard Edward Martin, Jr., by reason of the death of decedent, has suffered financial loss and other expenses of administration of the estate of plaintiff's decedent.

65.     Plainitff, Administratrix of the Estate of Howard Edward Martin, Jr., has further suffered the loss of plaintiff's decedent's society and comfort, friendship, guidance, love and affection and other damages as are recoverable under the Wrongful Death Act of Pennsylvania.

66.     The decedent did not bring an action for personal injuries during his lifetime which was terminated, and no other actions before the death of decedent have been commenced against these defendants.  The plaintiff, therefore, brings this action under and by virtue of the Act of 1855, P.L. 309 as amended and Pa.R.C.P. 2202 (a).

67.     Plaintiff, Administratrix of the Estate of Howard Edward Martin, Jr., is entitled to recover, in addition to other damages, amounts for reasonable hospital, nursing, medical and funeral expenses and expenses of the administration of the estate of plaintiff's decedent necessitated by reason of the conduct or omission of defendants to act, causing the death of decedent, Howard Edward Martin, Jr.

**WHEREFORE**, plaintiff Angela Lynne Martin, Individually and as Administratrix of the Estate of Howard Edward Martin, Jr., claims from the defendants, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs of prosecution.

## COUNT VII

### PLAINTIFF ANGELA LYNNE MARTIN vs. ALL DEFENDANTS

### SURVIVAL ACTION

68.     Paragraphs 1 through 67 are incorporated herein by reference as though full set forth.

69.     Plaintiff, Administratrix of the Estate of Howard Edward Martin, Jr., brings this action on behalf of the Estate of Howard Edward Martin, Jr., under and by virtue of the Act of June 30, 1972, P.L. 500, No. 164, 2, effective July 1, 1972, 20 Pa.C.S. sec 3373.

70.     Plaintiff's claim, on behalf of the said estate, is for damages suffered by reason of the death of decedent, as well as for pain and suffering of the decedent prior to his death.

**WHEREFORE**, plaintiff Angela Lynne Martin, Individually and as

Administratrix of the Estate of Howard Edward Martin, Jr., claims from the defendants, jointly

and severally, in an amount in excess of $75,000.00 plus interest and costs of prosecution.

## JURY DEMAND

Plaintiff demands a trial by jury.

STARK & STARK
A Professional Corporation

By: _____
    MICHAEL C. KSIAZEK
    Attorney for Plaintiff
    I.D. No. 201856
    777 Township Line Road
    Suite 120
    Yardley, PA   19067
    267-907-9600
    email: mksiazek@stark-stark.com